JOSHUA BAILEY, who has survived SAMUEL LONGSTRETH,
late trading as BAILEY & LONGSTRETH, and WILLIAM
CUMMINS,

*vs.*

WILLIAM KENNEDY, and CHARLES P. TALMADGE and MAR-
GARET his wife, et al.

*New Castle, Sept, T.* 1835.

A debtor, being a member of an insolvent partnership, conveyed his
separate real estate in satisfaction of a debt due to a separate
creditor.   The real estate exceeded in value, to a considerable amount,
the debt for the satisfaction of which it was conveyed   *Held,* that the
other creditors had an interest in the excess, and that in equity the
property conveyed would he held as a security, first for the debt due to
the grantee, and, as to the excess of value, for other debts.

The real estate conveyed being the separate property of the co-partner
the excess of value was bound, first, for his separate debts, and only after
satisfying these was it applicable to the debts of the partnership.

BILL TO SET ASIDE A CONVEYANCE OF REAL ESTATE.—
This was a bill filed by creditors to set aside a conveyance
of real estate, under the circumstances following :

The firm of Kennedy and Denning, (of which William
Kennedy, one of the defendants, was a member,) being insol-
vent, were indebted to the complainants, severally, in sundry
judgments.   The defendant, Kennedy, was also separately
indebted in the sum of $3778.50, with interest from Janu-
ary 13th 1818, to his sister, the wife of Charles P. Tal-
madge, upon guardian accounts passed by him, as her guar-
dian, while she was a minor.   Under these circumstances
Kennedy, in consideration of the indebtedness to his sister
and in order to secure her from loss, in June, 1820, prior to
the recovery of the judgment of the complainants, conveyed

to her his separate real estate, which consisted in part of an estate for his own life, held in a farm in New Castle County, State of Delaware, with which was assigned the stock and personal property thereon.   Also, he conveyed to his sister, in fee simple, a farm and two dwelling houses held by him in Talbot County, State of Maryland.

The object of the bill was to set aside the conveyance by Kennedy to his sister.   It alleged that, upon a fair settlement, nothing was justly due from him as her guardian ; but that at all events the property conveyed greatly exceeded in value the debt appearing by the guardian accounts to be due to Kennedy's sister; that Kennedy continued in the control of the property, and received the rents and profits thereof; and that it was fraudulent and void as being made with the intent to defeat creditors.   The prayer was for an account of the personal property and of the rents and profits of the real estate, and that after applying so much thereof as might be necessary to the satisfaction of the debt actually due to Kennedy's sister the balance should be applied to the judgments of the complainants ; also,that the conveyance of the real estate should be declared void and the deeds therefor delivered up to be canceled ; that the real estate should be re-conveyed to Kennedy and be decreed to be sold for the payment of judgments against Kennedy and Denning.

The answers of William Kennedy and of Charles P. Talmadge and wife admitted the general facts alleged in the bill touching the indebtedness of Kennedy to the complainants ; they also set forth his indebtedness to his sister, Mrs. Talmadge, and the conveyance to her of his real estate in Delaware and in Maryland.   They alleged that Kennedy's interest in the farm in Delaware, was only an estate for his life, subject to a judgment for $800.00 which his sister had since been obliged to pay ; that the farm was stocked by the sister, Mrs. Talmadge ; that the property in Maryland was of small value, the rents of which had

not exceeded $15 per annum, and that Kennedy never was offered more than $1200 for the same. The answers alleged that the conveyance was made, not with intent to defraud creditors but in satisfaction of a debt justly due from Kennedy to his sister, and for which it was no more than adequate in value.

Depositions were taken tending to prove the rental value of the several tracts of real estate in controversy, and Kennedy's continued control over the property subsequent to the conveyance. The result of the testimony, so far as it was deemed material, is stated in the opinion of the Chancellor.

The cause came before the Chancellor, at the September Term, 1835, for hearing upon the bill, answers, exhibits, and depositions.

*J. A. Bayard,* for the complainants, insisted that the denial of fraud by the answer was evasive, and that it was overcome by the proof of facts demonstrative of a fraudulent intent in the conveyance of the real estate.

*George Read, Jr.,* for the defendants.

The denial of fraud by the answers, is full and direct. There is not evidence sufficient to controvert it. The continuance of Kennedy in possession was consistent with the deed, and is therefore no badge of fraud. Nor does mere inadequacy of consideration raise any presumption of fraud, ·unless it be gross, such as strikes every man as being unjust. Then the question is whether the Court, in a case where a conveyance is made upon a valuable consideration and without fraud, will inquire into the sufficiency of the consideration. Such a conveyance is good within the Statutes of 13 and 27 Elizabeth, which require only that the consideration be valuable and the transaction *bona fide.* Bank-

ruptcy or insolvency, have nothing to do with the validity of the deed. The question depends upon *bona fides*, and consideration. 5 *Johns, R.* 335; 1 *Binney's R.* 502; 8 *T. R.* 528. Both these elements of a valid conveyance exist in this case.

JOHNS, JR., CHANCELLOR.—The complainants are creditors of the late firm of Kennedy and Denning. They have proceeded at law to judgment. The firm being insolvent, and also the individual members, these creditors seek relief in equity, by impeaching, on the ground of fraud, a conveyance made by Kennedy of a part of his real estate to his sister, Margaret Kennedy, now Margaret Talmadge. The grantee took the conveyance in payment and discharge of a separate debt, the grantor conveying his separate property. The consideration for the entire property conveyed was the balance ascertained by the proper officer to be due from Kennedy, as the guardian of his sister, on the settlement of his guardian account, to the amount of $3778.50.

The conveyance was of a life estate in Kennedy in a farm situated in St. George's Hundred, in the State of Delaware, by deed dated, June 1820, for the express consideration of $3000.00. The annual rental value of this farm, may be taken upon the proof to have been $600.00. The property in Maryland appears to have comprised two dwelling houses and a farm. The two dwelling houses were worth together, a rental of $24.00 per annum, and the farm was worth $95.00 per annum. Thus the total annual value of the property conveyed may be set down at $719.00. The annual interest upon the debt due from Kennedy as guardian, would be about $226.00, which sum bring deducted from the annual rental of $719.00, leaves $493.00, as the excess of rent over interest. This sum if regularly applied would, in sixteen years, be sufficient fully to discharge the debt due from the guardian, and leave a

considerable surplus, not less in amount than the sum of $4000.00.

I have gone into this calculation, only to ascertain the effect and operation of this conveyance by Kennedy to his sister, supposing the possession of Kennedy to have been consistent with the deed.

The conveyance in this case, being prior to the Act of Assembly relative to assignments by debtors, is not affected by the provision of that act which avoids any preference among creditors given by a debtor in contemplation of insolvency. At the time when the conveyance in this case was made, a debtor had the power to prefer any creditor; but all such transfers of property as modes of payment must necessarily be subject to the consideration of relative value. They were allowed, prior to the Act of Assembly, upon the principle that a debtor had a right to apply his property in discharge of his debts; and, as he might confess a judgment and thus give a preference to one creditor, he was allowed by assignment to transfer his property for the benefit of his creditors, and in such mode of conveyance to prefer any creditor. As the whole proceeding is based on the principle of payment, it would be wrong to extend it so as to allow a debtor to convey all his property to a single creditor, if it greatly exceeds in value the amount of the debt due. For, by so much as the property conveyed exceeds in value the debt, it would be a gift, a mere gratuity, a voluntary conveyance,—and, if permitted to stand, it would enable the debtor to place his property out of the reach of his creditors, except the one he chose to prefer, and with whom he might, by collusion, so arrange matters as to enjoy all the benefits of the fraud. Hence, in all transfers like the present, which is not an assignment in trust for the benefit of creditors but an absolute conveyance, it is essential to consider the value of the property conveyed and for which the debt is the consideration. If it greatly exceeds the amount

due, then, as to such excess, the other creditors have an interest, and are entitled to have the excess applied in discharge of their debts. This is effected in equity by considering the property conveyed as a security,—first, to the grantee, and on his being fully paid, then that the balance be applied to the other creditors.

As I am of opinion in this case that the value of the property conveyed greatly exceeded the amount of the of the debt due; and considering also that the circumstances attending the transaction are suspicious, I shall direct an account, as prayed for by the bill. It should be observed, however, that this was the separate property of Kennedy and that the complainants are proceeding to collect a partnership debt. The separate creditors of Kennedy must be allowed to come in and be first satisfied before the fund arising from the separate property can be applicable to partnership debts due from Kennedy and Denning.